UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY LYNN TUCKER, III,

    Plaintiff,

v.

FIRST YORK CAPITAL, LLC, et al.,

    Defendants.

Case No. 24-cv-13081

Honorable Robert J. White

**ORDER OF DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION**

Jerry Lynn Tucker, III, commenced this quiet title action against two "fictitious" entities asserting ownership to a parcel of land in Detroit, Michigan. (ECF No. 1, PageID.1). Tucker claims title to this parcel through adverse possession. (*Id.*, PageID.2-3). After reviewing the complaint, the Court finds that it lacks the requisite subject matter jurisdiction to entertain this litigation.

To begin with, Tucker cannot invoke federal question jurisdiction because none of his allegations "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Nor can he sufficiently rely upon federal diversity jurisdiction. Without identifying the defendants, Tucker cannot establish that the suit "is between . . . [c]itizens of different states." 28 U.S.C. § 1332(a)(1).

Tucker may not uncover the defendants' "true identities" through jurisdictional discovery either.[1] (ECF No. 1, PageID.1). The decision whether to allow discovery before dismissing a case for lack of subject matter jurisdiction is within the district court's discretion. *KNC Investments, LLC v. Lane's End Stallions, Inc.*, 579 F. App'x 381, 385 (6th Cir. 2014). The plaintiff is not entitled to discovery if he "cannot, at a minimum, offer any factual basis for his allegations and give the district court a reasonable basis to expect that . . . discovery would reveal evidence that supports" the asserted jurisdictional grounds. *C.H. v. United States*, 818 F. App'x 481, 484 (6th Cir. 2020) (cleaned up). "[M]ere conjecture or speculation" is insufficient to justify granting a request for jurisdictional discovery. *Id.* at 485 (quotation omitted). Because Tucker fails to even articulate his theory of federal subject matter jurisdiction any form of jurisdictional discovery is unwarranted.

Having failed to otherwise show that subject matter jurisdiction exists to proceed with this case, the Court will dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3). The Court is without jurisdiction when, as here, "the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183

---

[1] Tucker does not request jurisdictional discovery explicitly. He states only that "[t]he complaint will be amended when the [defendants'] true identities are ascertained." (ECF No. 1, PageID.1).

2

F.3d 477, 479 (6th Cir. 1999); *see also Hagans v. Lavine*, 415 U.S. 528, 536-537 (1974). Accordingly,

IT IS ORDERED that the complaint (ECF No. 1) is dismissed for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that the application to proceed *in forma pauperis* (ECF No. 5) is denied as moot.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to close the case.


Dated: December 5, 2024                    s/Robert J. White
                                                                       Robert J. White
                                                                       United States District Judge